William T. Cowin, J.
This is a motion by attorneys for leave to withdraw as counsel for the defendants. The defendants were insured against liability by Dorchester Insurance Co., Ltd., of Jamaica, West Indies. The insured were involved in an accident *18 and duly notified the said insurance company. The company, through its American agent, G-eneral and Excess Underwriters, Baltimore, Maryland, retained the attorneys herein to represent the defendants. Subsequent to the commencement of the action the insurance company became hopelessly insolvent. The attorneys, unable to secure any compensation from the insurance company, now ask to be relieved and the defendants consent upon condition that they turn over all papers. The attorneys are willing to turn over copies of the pleading in the action but are unwilling, as demanded by defendants, to turn over inspection reports, witnesses’ statements and examinations before trial without compensation therefor, asserting that they have a retaining lien on these papers.
Defendants are clients of the attorneys (American Employers Ins. Co. v. Goble Aircraft Specialties, 205 Misc. 1066) and in the cited case the court described this relationship as follows (205 Misc. 1075): 1 ‘ When counsel, although paid by the casualty company, undertakes to represent the policyholder and files his notice of appearance, he owes to his client, the assured, an undeviating and single allegiance. His fealty embraces the requirement to produce in court all witnesses, fact and expert, who are available and necessary for the proper protection of the rights of his client.”
The attorneys ’ retaining lien is valid only to the extent of the “ unpaid balance remaining due to ” them from the clients (Leviten v. Sandbank, 291 N. Y. 352, 355).
There is nothing due to the attorneys from the defendants, their clients. The attorneys were furnished to the defendants by the insurer and the insurer is solely responsible for paying them.
Moreover, the attorneys’ insistence upon their retaining lien in these circumstances would be unfair and unequitable. The defendants have paid premiums for, and are entitled to a proper defense. It is through no fault of theirs that the attorneys have not been paid. Since the defendants without fault on their part, are losing the benefit of the services of the attorneys, the defendants should not be further embarrassed in their defense. In the interest of justice the defendants are entitled to all papers to help in the defense of their action. A ‘ ‘ court should not permit an attorney to insist upon his retaining lien when such insistence is unfair and unequitable ” (Leviten v. Sandbank, supra, p. 357).
The court has read the decision in Ventimiglia v. Raven-Hall, Inc. (N. Y. L. J., March 27, 1962, p. 14, col. 2 [Sup. Ct., Kings County, Special Term, Part I]) and the cases therein cited (all dealing with this situation) but the court is regretfully unable to follow them for the reason herein stated.
*19 The motion for leave to withdraw is granted upon condition that the outgoing attorneys turn over copies of the pleadings as well as inspection reports, witnesses’ statements and examinations before trial to the defendants.