METRY, METRY, SANOM & ASHARE v MICHIGAN PROPERTY &
CASUALTY GUARANTY ASSOCIATION

VANDEVEER, GARZIA, TONKIN, KERR & HEAPHY, PC v
MICHIGAN PROPERTY & CASUALTY GUARANTY ASSOCIATION

Docket Nos. 60633-60636. Decided July 17, 1978. On application by
the parties for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, modified the decision of the Court of
Appeals and affirmed as modified.

Metry, Metry, Sanom & Ashare and Vandeveer, Garzia, Tonkin,
Kerr & Heaphy, P.C., brought actions against the Michigan
Property and Casualty Guaranty Association to recover fees for
legal services performed for insolvent insurance companies
which belonged to the defendant association. In *Metry* the
Wayne Circuit Court, Benjamin D. Burdick, J., granted judg-
ment for the defendant on the ground that the plaintiff's claims
for legal services performed before the insolvencies were not
"covered claims" which the association is obligated to pay
under the Property and Casualty Guaranty Association Act. In
*Vandeveer* the Wayne Circuit Court, Thomas Roumell, J.,
granted summary judgment for the plaintiff. The Court of
Appeals, N. J. Kaufman, P.J., and V. J. Brennan, J. (D. C. Riley,
J., dissenting in part), consolidated the cases on appeal and
concluded that the plaintiffs' legal fees were not "covered
claims" but that the plaintiffs were entitled to payment for
work done before insolvency on legal matters which they were
hired by the defendant association to complete (Docket Nos.
27752, 28050). The parties apply for leave to appeal. *Held:*

The Property and Casualty Guaranty Association Act is
designed to protect persons who have a right to rely on the
existence of an insurance policy, that is, the insureds and
persons with claims against the insureds. Other creditors of an
insurance company, such as these plaintiff attorneys, have an
ongoing relationship with the insurer and can presumably
judge its financial position, and can protect themselves by
negotiating the frequency of billing and payment for their
services. The plaintiffs' claims for fees for preinsolvency legal
services do not arise out of the insurance policies but from
contracts for legal services entered into with the insurance

companies. Therefore, attorney fees for services rendered prior to the insurers' insolvency are not "covered claims". There is no statutory exception for matters which the plaintiffs were hired by the defendant association to complete.

The decision of the Court of Appeals is modified insofar as it holds that the plaintiffs may recover certain legal fees.

79 Mich App 226; 261 NW2d 267 (1977) modified and affirmed.

*Leven, Logan, Ashare & Chinitz* for plaintiff Metry, Metry, Sanom & Ashare.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C., in propriis personis.*

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young*) for defendant.

PER CURIAM. These applications for leave to appeal present several questions with regard to the interpretation of the Property and Casualty Guaranty Association Act. 1969 PA 277, MCLA 500.7901 *et seq.;* MSA 24.17901 *et seq.* The principal issue is whether claims by law firms for legal services rendered to insolvent insurance companies before insolvency are "covered claims" as defined in the act. We conclude that the Court of Appeals correctly held that they are not. However, the Court of Appeals erred in ruling that the law firms are entitled to fees for pre-insolvency legal services as to matters which they were thereafter hired to complete by the association.

I

Defendant Michigan Property and Casualty Guaranty Association is an association of insurers (other than life and disability insurers) licensed to do business in Michigan which was established pursuant to the Property and Casualty Guaranty

Association Act. The association has the statutory duty to pay obligations of insolvent insurers which come within the act's definition of "covered claims".

Plaintiff Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C., had been retained by Citizens Casualty Company of New York and Commercial Underwriters to defend various persons insured under policies issued by those companies. Plaintiff Metry, Metry, Sanom & Ashare had been retained by LaSalle National Insurance Company to defend claims made against persons insured under policies issued by LaSalle. All three insurance companies were members of the association. The insurance companies became insolvent and the Michigan Commissioner of Insurance was appointed receiver for them in Michigan pursuant to the Uniform Insurers Liquidation Act. MCLA 500.7836 *et seq.;* MSA 24.17836 *et seq.*

Pursuant to its statutory obligations, the association undertook to defend claims made against persons insured by the three insolvent companies.

The plaintiff law firms filed timely claims under the guaranty act for attorney fees for services performed prior to the insolvency of the insurance companies. The claims were not paid, and the law firms commenced separate lawsuits against the association in the Wayne Circuit Court.

In the *Vandeveer* case, each party filed a motion for summary judgment. Judge Thomas Roumell concluded that attorney fees for services rendered before insolvency were covered claims within the language of the guaranty act and therefore the association was obligated to pay those fees. Accordingly he granted the Vandeveer firm's motion for summary judgment and denied the association's motion.

In the *Metry* case, a non-jury trial was held before Judge Benjamin D. Burdick. He ruled that plaintiff's claims for pre-insolvency legal services were not covered claims under the act.

In each case the unsuccessful party appealed. The Court of Appeals concluded that pre-insolvency legal fees were not covered claims. 79 Mich App 226; 261 NW2d 267 (1977). However, the Court (with one judge dissenting) went on to create an exception for certain fees. Specifically, the Court of Appeals held that the association is responsible for paying fees for legal services performed prior to the insurer's insolvency as to those matters which the plaintiff law firms were hired by the association to complete.

## II

Under MCLA 500.7931; MSA 24.17931, the association is obligated to pay and discharge "covered claims". The resolution of this case depends on whether attorney fees attributable to services performed prior to the insolvencies of the insurance companies are "covered claims" within the definitional section. MCLA 500.7925; MSA 24.17925 provides in part:

"(1) 'Covered claims' means obligations of an insolvent insurer which: (i) arise out of the insurance policy contracts of the insolvent insurer issued to residents of this state or are payable to residents of this state on behalf of insureds of the insolvent insurer, (ii) were unpaid by the insolvent insurer, (iii) are presented as a claim to the receiver in this state or the association on or before the last date fixed for the filing of claims in the domiciliary delinquency proceedings, (iv) were incurred or existed prior to, on, or within 30 days after the date the receiver was appointed, and (v) arise out of

policy contracts of the insolvent insurer issued for all kinds of insurance except life and disability insurance."

The parties agree that the insurance policies under which the plaintiff law firms were hired to defend the various insureds required the insurance companies to defend. The parties also agree that the question is whether these attorney fees "arise out of the insurance policy contracts". The plaintiff law firms contend that since the insurance policies require the insurer to defend, fees for legal services arise out of the insurance policy contracts. The association contends that the claims for attorney fees arise not out of the insurance policy contracts but from separate contracts for legal services between the insolvent insurance companies and the plaintiff law firms.

We conclude that the Court of Appeals correctly found that attorney fees for services rendered prior to insolvency are not covered claims. The act is designed to protect from potentially catastrophic loss persons who have a right to rely on the existence of an insurance policy—the insureds and persons with claims against the insureds. Persons in such categories are relatively helpless with regard to the insolvency of an insurer. They are not likely to be in a position to evaluate the financial stability of the insurance company and they have no control over the time at which their claims arise. Other creditors of the insurance companies, such as attorneys, have an ongoing relationship with the company and can presumably judge its financial position. Further, they are in a position to protect themselves from the serious consequences of an insurance company's insolvency by negotiating appropriate provisions in their contracts regarding the frequency of billing and payment.

The claims of the plaintiff law firms arise not out of the insurance policies, but rather out of their contracts for legal services entered into with the insurance companies. Accordingly, we conclude that fees for pre-insolvency legal services are not "covered claims".

### III

The Court of Appeals majority created an exception for a certain class of attorney fees. It held that the plaintiffs could recover fees for pre-insolvency legal services as to matters in which they were subsequently retained by the association to continue the defense of the insureds. The Court of Appeals explained this ruling as a "practical modification" of its holding required by other provisions of the act. The Court concluded:

"[W]here plaintiff firms are hired by the Association to complete work already started, it is both senseless and needlessly punitive to deny them compensation for their earlier work product." 79 Mich App 232.

Judge RILEY dissented on the ground that she found no statutory authority for this exception.

We agree with the dissent in the Court of Appeals that there is no statutory authority to order payment of such fees. Under the act the association is obligated to pay "covered claims", and there is no provision in the statute that creates the obligation to pay any other claims. The Court of Appeals is correct in saying that attorneys in the position of plaintiffs will suffer monetary loss as the result of being denied compensation for their services, but this hardship results from the underlying insolvencies. Whether the same attorneys are hired to complete the work on a case or

whether the association selects new lawyers to continue to represent the insured is irrelevant to whether the attorney is entitled to compensation for services rendered before the insolvency.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals insofar as it held that plaintiffs are entitled to recover fees for legal services performed before the insurers' insolvencies as to matters which they were hired by the association to complete. In all other respects, we affirm the Court of Appeals.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.