Hugh B. WHITE, White & Jones, Inc., Biss & Holmes, John W. Pletcher, III, Merdes, Schaible, Staley & Delisio, Inc., Northern Adjustment Service, Appellants,

v.

The ALASKA INSURANCE GUARANTY ASSOCIATION, Appellee.

No. 3796.

Supreme Court of Alaska.

March 23, 1979.

Douglas D. Serdahely, Birch, Horton, Bittner & Monroe, Libbey & Serdahely, Anchorage, for appellants.

Robert L. Eastaugh, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE, and MATTHEWS, JJ.

OPINION

CONNOR, Justice.

The question presented by this appeal is whether claims for professional services rendered to insolvent insurance companies are compensable from the coffers of the Alaska Insurance Guaranty Association.

The appellants are law firms, attorneys, and insurance claims adjusters who were retained by Medallion Insurance Company and Missouri General Insurance Company to adjust, settle, and defend claims and lawsuits against policyholders of automobile liability insurance. In the fall of 1975, the insurance companies were deemed to be insolvent and their instate assets were placed

in receivership.[1] Shortly thereafter, appellants filed a written claim with the Alaska Insurance Guaranty Association, the appellee, for payment of the outstanding sums[2] owed to them by the now insolvent insurance companies for services rendered prior to and, in some cases, extending beyond the determination of insolvency.

The Alaska Insurance Guaranty Association (hereinafter Association) was created by the state legislature in 1970 to

provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detention and prevention of insurance insolvencies, and to provide an association to assess the cost of this protection among insurers.

AS 21.80.010. The Association is a nonprofit incorporated legal entity; all persons who write any kind of direct insurance, with exceptions not relevant here, and who are licensed to transact insurance business in the State of Alaska must be members of the Association as a condition of doing business in the state. AS 21.80.020, AS 21.80.-040, AS 21.80.180(6). The powers and duties of the Association include in pertinent part:

(a) The association shall

(1) be obligated to the extent of the covered claims existing before the determination of insolvency and arising within 30 days after the determination of insolvency . . . . .

(2) be considered the insurer to the extent of its obligation on the covered claims and to that extent has all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent . . . . .

AS 21.80.060.

Obligations which are incurred by the Association as a result of the insolvency of a member are financed by assessments against solvent members in the proportion that the net direct written premiums of each member bears to the net direct written premiums of all members for the preceding calendar year. AS 21.80.060(a)(3). In short, the Association is a self-insurer of all of its members with respect to covered claims.

The Association declined to pay the amount demanded by appellants on the ground that these were not valid claims within the meaning of the governing act.

Thereafter, appellants sought a declaratory judgment that the Association was liable for their professional fees. The Superior Court granted appellee's motion to dismiss the complaint, with prejudice, for failure to state a claim.[3] The court interpreted the statute as excluding from the definition of "covered claims" the professional fees which appellants are owed. This determination, as well as the award to appellees of attorneys fees, has been appealed.

■ Despite appellants' creative arguments urging reversal, we find ourselves in agreement with the judgment below, and it is affirmed. First, we reject appellants' statutory interpretation of the Alaska Insurance Guaranty Association Act. That act defines a "covered claim" as

1. When the insurance companies encountered serious financial difficulties in the summer of 1975, the state of Missouri, the situs of incorporation, suspended their authority to transact business and impounded their assets. On August 25, 1975, the Director of Insurance for the State of Alaska suspended the authority of the insurance companies to conduct any new business. On September 12, 1975, the Superior Court of the State of Alaska ordered the liquidation of the insurance companies' assets, permanently enjoined the companies from conducting further business in this state, and established a receivership pursuant to Chapter 78, Title 21, Alaska Statutes, for the purposes of collection and preservation of the instate assets, by the State Director of Insurance in his *ex officio* capacity as receiver.

2. Appellants claim that collectively they are owed a sum of $83,991.82.

3. The Superior Court indicated that it was treating the motion to dismiss under Civil Rule 12 as a motion for summary judgment under Civil Rule 56.

an unpaid claim, including one of unearned premiums, which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if the insurer becomes an insolvent insurer after August 6, 1970, and (A) the claimant or insured is a resident of this state at the time of the insured event; or (B) the property from which the claim arises is permanently located in this state; "covered claim" does not include any amount due a reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise . . . . .

AS 21.80.180(4).

■ Where the meaning of a statute is apparent, there is no need to resort to methods of statutory construction. *Application of Babcock,* 387 P.2d 694 (Alaska 1963). The act on its face limits "covered claims" to those asserted by claimants or insureds. There is no difficulty in ascertaining the meaning of the word "insured." That term classically refers to "a person whose risk of economic loss of a designated type is part of the subject matter of the contract." R. Keeton, Basic Text on Insurance Law § 4.1(b), at 176 (1971). Stated more simply, the insured is the person who "place[s] his name in a blank on the policy form following the words 'does insure' or some phrase of similar import." *Id.* at 177. The word "claimant" also has a plain meaning: it refers to the insured or a third party victim who may be entitled to reimbursement for injury or damage which under the terms of the policy triggers the insurer's obligation to pay benefits. Appellants do not fit into either category and thus cannot invoke the protection of the "covered claims" clause of the Act.

Nor are we persuaded by appellants' assertion that they are third party creditor beneficiaries of the contracts between the insurance companies and their policyholders whose claims for reimbursement from the Association would therefore be "covered claims."[4]

The rationale for allowing a creditor beneficiary to sue on the contract is that the contract contemplates something which is intended for his benefit, not meant as a gift, but rather to "satisfy an actual or supposed or asserted duty of the promisee to the beneficiary . . . ." Restatement of the Law of Contracts § 133(1b) (1932).

■ In order to qualify as a creditor beneficiary this benefit "must have been in the contemplation of the parties at the time of the execution of the contract." *U. S. v. Aleutian Homes,* 193 F.Supp. 571, 576 (D.Alaska 1961). *Accord, U. S. v. Huff,* 165 F.2d 720, 723 (5th Cir. 1948). Absent evidence that the parties to the contract "either intended or contemplated that one purpose of the [contract] would be to benefit a third party . . . [that party is] at best an incidental beneficiary and as such can claim no damage . . . ." *Century Insurance Agency v. City Commerce Corp.,* 396 P.2d 80, 82 (Alaska 1964). A third party cannot make himself a creditor beneficiary merely by acting in reliance upon a contract.

In *Franklin Casualty Insurance Co. v. Jones,* 362 P.2d 964 (Okl.1961), a physician who had rendered medical treatment to an injured passenger sued the policyholder's insurance company as a third party creditor beneficiary. The insurance policy specifically provided for the payment of medical expenses to persons injured by the policyholder. The Oklahoma Supreme Court rejected the physician's claim, holding that he was not a creditor beneficiary because "[He] was too far removed to receive the benefits of [the contract] provision . . . A reading of this insurance policy reveals that it was not made for the benefit of the doctor." *Id.* at 966. We reach the same conclusion with regard to appellants' claims.

■ Second, we reject appellants' contention that they have a cause of action

---

4. We express no opinion on whether appellants would be entitled to reimbursement from the Association if they were indeed creditor beneficiaries.

against the appellee on a quasi-contractual[5] theory of unjust enrichment. They argue that because the Association's liability was reduced as a result of appellants' professional services, the Association must make restitution for benefits received.

This argument ignores the doctrine that the equitable remedy of restitution will be denied where the party upon whom the benefit is conferred is protected by a countervailing public policy;[6] restitution will not be permitted to defeat a protection which a legislature intends to afford. When insolvency was declared, the Association succeeded to certain of the obligations of the insurance companies by operation of law. The purpose of the legislation providing for this succession is a limited one: to protect the policyholders and persons making claims against them from absorbing losses. It would be inconsistent with this limited purpose to saddle the Association with any loss suffered by the appellants.

*Cooper v. Argonaut Ins. Co.,* 556 P.2d 525 (Alaska 1976), is not to the contrary. The issue in *Cooper* was whether a workmen's compensation insurer was required to contribute a pro-rata share of costs incurred by the plaintiff's decedent in prosecuting a third party claim, which, if successful, would be remunerated to the carrier, thus reducing its liability. There we held that the carrier was liable for a share of attorney's fees and costs incurred in the third party claim "[i]n order to insure that the employer's compensation carrier is not unjustly enriched at the expense of the employee . . . ." 556 P.2d at 527. The crucial distinction between that case and this one is that in *Cooper* the imposition of liability was consistent with the somewhat ambiguous language of the statute involved and here it is not.

■ Third, we hold that it was not an abuse of discretion for the trial court to award attorney's fees to appellees.[7] The "public interest" exception to the grant of attorney's fees which is expounded in *Gilbert v. State,* 526 P.2d 1131 (Alaska 1974), is not applicable here.[8] *Gilbert* dealt with an issue of constitutional dimension: eligibility for public office. The issues here are of a considerably different order.

Appellants' argument that equitable considerations militate against requiring them to suffer "still further economic loss" in the form of attorneys' fees is not cognizable in light of the purpose of Rule 82: to compensate partially a prevailing party for costs which he has incurred in litigation. *City of Valdez v. Valdez Development Company,* 523 P.2d 177 (Alaska 1974); *Malvo v. J. C. Penney Co., Inc.,* 512 P.2d 575 (Alaska 1973).

Finally, we cannot accept appellants' claim that the award of attorneys' fees was improper because the Alaska Insurance

---

5. A quasi-contract is a legal fiction "which is based on the maxim that one who is unjustly enriched at the expense of another is required to make restitution to the other." *Hill v. Waxberg,* 16 Alaska 477, 237 F.2d 936, 939 (9th Cir. 1956). The existence of an agreement between the parties is not a necessary prerequisite to recovery.

6. *Restatement of Restitution* § 62 (1937).

7. Alaska Rule of Civil Procedure 82(a)(1) provides that, in cases where no money judgment is recovered, "attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the actions, in its discretion, in a reasonable amount." The award of attorney's fees is within the sound discretion of the trial court and is reviewable on appeal only where "the trial court's determination was manifestly unreasonable, arbitrary or designed for a purpose other than justly deserved compensation."

*Alaska State Bank v. Gen. Ins. Co.,* 579 P.2d 1362, 1370 (Alaska 1978) (footnotes omitted).

8. *Gilbert* was an action for a declaratory judgment on the constitutionality of a provision of the Alaska State Constitution and a corollary state statute which made residency a condition of eligibility for state office. The residency requirement was upheld but the award of attorneys' fees by the trial court to the state, the prevailing party, was reversed. The court said:

We have previously intimated that denial of attorneys' fees might be appropriate in a proper case where the public interest is involved. As a matter of sound policy, we hold that it is an abuse of discretion to award attorneys' fees against a losing party who has in good faith raised a question of genuine public interest . . . .
526 P.2d at 1136 (footnote omitted).

Guaranty Association should absorb the costs of litigating the validity of claims asserted against it here. AS 21.80.060(a)(7), which appellants cite in support of this proposition, states that the Association "shall pay the other expenses of the association authorized by this chapter." This section of the act should be construed in light of the general purposes of the Association which is to "[pay] covered claims . . . to avoid financial loss to claimants or policyholders . . . ." AS 21.80.010. Since appellants are neither policyholders nor claimants, the Association should not be required to absorb the costs of litigating this action.

AFFIRMED.