(September 4, 1984)

■ HARRY COOPER et al., Plaintiffs, v A. NORMAN CRANIN, Appellant, et al., Defendants. GINSBERG & CAESAR, P. C., Respondent. — In a dental malpractice action, defendant A. Norman Cranin appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Young, J.), entered August 15, 1983, as conditioned the granting of his motion for the substitution of counsel upon his payment to his former attorneys of certain legal fees and expenses.

Order reversed insofar as appealed from, on the law, without costs or disbursements, and motion granted unconditionally.

Insofar as it appears on the present record, appellant obtained a policy of malpractice insurance from his insurance broker, who is not a party herein, with a company known as the "Westbourne Insurance Company, Ltd." on or about November 7, 1980. Subsequently, when a malpractice action was asserted against the appellant, he forwarded the summons and complaint to his insurance broker, who apparently retained the respondent law firm to defend him in the action. While the malpractice action was pending, and after said law firm had allegedly rendered some $10,000 worth of legal services in the defense of that action, it advised appellant that the carrier believed to have insured him "may be non-existent" and billed appellant for all of the services rendered. Appellant subsequently retained his own attorney and moved for substitution of counsel, which motion was granted by Special Term on condition that he satisfy the claim of the respondent law firm for its unpaid legal fees and disbursements.

We disagree. In our view, the substitution of counsel should have been granted unconditionally.

An attorney's lien, of whatever nature, is valid only so long as there exists an unpaid balance owing to the attorney from the client (*Leviten v Sandbank*, 291 NY 352, 355). Here, however, appellant allegedly paid over $15,000 in malpractice insurance premiums through his insurance broker for the procurement of malpractice insurance, one of the benefits of which was supposed to be the provision of a legal defense in the event of a claim. Moreover, it is uncontested that once a claim was presented, appellant played no part whatsoever in selecting the respondent law firm to represent him in the matter, and that whoever did so apparently acted on behalf of the presumed insurance company in so doing. Thus, it is clear on the face of the present record that, at the outset, it was not contemplated by either appellant

or respondent that the former would be personally liable for the fee (cf. *Turzio v Ravenhall & Irving Dworman,* 34 Misc 2d 17, 18). In the absence of any employment relationship between the parties, it follows that the respondent cannot now look to the appellant for payment. Mollen, P. J., Gibbons, Bracken and Niehoff, JJ., concur.