William P. ZUGER, d/b/a Zuger Law Offices, Plaintiff and Appellant,

v.

NORTH DAKOTA INSURANCE GUARANTY ASSOCIATION, Griggs County Hospital and Nursing Home, McKenzie County Memorial Hospital, and St. Aloisius Medical Center, Defendants and Appellees.

Civ. No. 920294.

Supreme Court of North Dakota.

Dec. 22, 1992.

William P. Zuger (argued), Bismarck, for plaintiff and appellant.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendants and appellees; argued by Thomas O. Smith.

ERICKSTAD, Chief Justice.

William P. Zuger appealed from a summary judgment dismissing his claim against the North Dakota Insurance Guaranty Association (Guaranty Association) and Griggs County Hospital and Nursing Home, McKenzie County Memorial Hospital, and St. Aloisius Medical Center (herein collectively referred to as the defendant hospitals). We affirm.

The defendant hospitals carried malpractice insurance issued by Great Global Assurance Company (Great Global). Under these policies, Great Global was required to defend malpractice actions brought against the defendant hospitals. North Star Casualty Services, Inc. (North Star) was a managing general agent for Great Global, involved in marketing its malpractice insurance policies and providing administrative services. In 1985, North Star, acting on behalf of Great Global, retained Zuger to represent the defendant hospitals in medical malpractice actions that had been brought against them.

On February 7, 1986, Great Global was declared insolvent by the Arizona courts. The Guaranty Association then assumed responsibility for the defense of the pending cases against the defendant hospitals, and it retained Zuger to continue his services in providing that defense.

Zuger filed a claim with the Guaranty Association for attorney fees and litigation expenses in defending the defendant hospitals. The Guaranty Association paid Zuger's claim for post-insolvency attorney fees and expenses, but denied his claim for attorney fees and litigation expenses incurred prior to Great Global's insolvency. Zuger sued the Guaranty Association and the defendant hospitals to collect his pre-insolvency attorney fees and expenses. The parties filed motions for summary judgment. The district court concluded that, as a matter of law, the Guaranty Association and the defendant hospitals were entitled to dismissal of Zuger's claim, on its merits, and it granted summary judgment dismissing the action. Zuger appealed.

The Guaranty Association is a non-profit unincorporated legal entity created under Chapter 26.1–42, N.D.C.C. Its purpose is to protect the public by providing financial resources if an insurer becomes insolvent and there is a claim for which the insolvent insurer was obligated to provide coverage. *North Dakota Insurance Guaranty Association v. Agway*, 462 N.W.2d 142 (N.D. 1990). Under Section 26.1–42–05, N.D.C.C., the Guaranty Association assumes the insolvent insurer's obligations on "covered claims," defined under Section 26.1–42–02(3), N.D.C.C.:

> " 'Covered claim' means an unpaid claim, including one for unearned premiums, within the coverage of an insurance policy to which this chapter applies issued by an insurer if the insurer becomes insolvent after July 1, 1971...."

So, the Guaranty Association's statutory responsibility is to assume unpaid claims "within the coverage of an insurance policy" to which Chapter 26.1–42, N.D.C.C., applies.

The parties agree that the issue on appeal is a legal issue, not a factual one, whether Zuger's claim for pre-insolvency attorney fees and litigation expenses is a covered claim, under Chapter 26.1–42, N.D.C.C. Zuger asserts that the statutory definition of covered claim unambiguously encompasses his claim. We disagree.

Statutory interpretation is a question of law fully reviewable by this court.

*Holtz v. North Dakota Workers Compensation Bureau,* 479 N.W.2d 469 (N.D. 1992). A statutory provision is ambiguous if it is susceptible to differing, but rational, meanings. *State v. Rambousek,* 479 N.W.2d 832 (N.D.1992). We believe that a rational argument can be made that Zuger's claim is "within the coverage" of the defendant hospitals insurance policies with Great Global, because those policies required Great Global to defend the defendant hospitals in malpractice claims brought against them. However, we also believe, that a rational argument can be made that Zuger's claim is not a covered claim under the statute because it arises, not within the coverage of the insurance policies, but from a separate service contract between Zuger and Great Global. Therefore, we conclude that the statutory term "covered claim" is ambiguous in determining this claim.

Chapter 26.1–42, N.D.C.C., was adopted from the Model Insurance Guaranty Association Bill drafted by the National Association of Insurance Commissioners. *See Beyer's Cement v. North Dakota Insurance Guaranty Association,* 417 N.W.2d 370, 372 (N.D.1987). Our research has not revealed any legislative history on this statute that would clarify or resolve whether a claim for pre-insolvency attorney fees is a "covered claim." However, several jurisdictions with nearly identical statutes, patterned after the same model act, have considered this issue and have uniformly held that a claim for pre-insolvency attorney fees is not a covered claim. *Sifers v. General Marine Catering Co.,* 892 F.2d 386 (5th Cir.1990) (applying Louisiana law); *Maguire, Ward, Maguire & Eldredge v. Idaho Insurance Guaranty,* 112 Idaho 166, 730 P.2d 1086 (1986); *Ohio Insurance Guaranty Association v. Simpson,* 1 Ohio App.3d 112, 439 N.E.2d 1257 (1981); *White v. Alaska Insurance Guaranty Association,* 592 P.2d 367 (Ala.1979); *Metry, Metry, Sanom & Ashare v. Michigan, etc.,* 403 Mich. 117, 267 N.W.2d 695 (1978); *Greenfield v. Pennsylvania Insurance Guaranty Association,* 256 Pa.Super. 136, 389 A.2d 638 (1978). The primary rationale given for this interpretation is that a claim

for pre-insolvency attorney fees arises from a separate contract for services between the insolvent insurer and the provider of the legal services; therefore, it is not considered a claim within the coverage of the insurance policy.

The Supreme Court of Michigan explains the policy underlying this interpretation of a covered claim under these statutes, in *Metry, supra,* 267 N.W.2d at 697:

"We conclude that the Court of Appeals correctly found that attorney fees for services rendered prior to insolvency are not covered claims. The act is designed to protect from potentially catastrophic loss persons who have a right to rely on the existence of an insurance policy—the insureds and persons with claims against the insureds. Persons in such categories are relatively helpless with regard to the insolvency of an insurer. They are not likely to be in a position to evaluate the financial stability of the insurance company and they have no control over the time at which their claims arise. Other creditors of the insurance companies, such as attorneys, have an ongoing relationship with the company and can presumably judge its financial position. Further, they are in a position to protect themselves from the serious consequences of an insurance company's insolvency by negotiating appropriate provisions in their contracts regarding the frequency of billing and payment.

The claims of the plaintiff law firms arise not out of the insurance policies, but rather out of their contracts for legal services entered into with the insurance companies. Accordingly we conclude that fees for pre-insolvency legal services are not 'covered claims'."

Zuger concedes that every jurisdiction deciding this issue has concluded that a claim for pre-insolvency attorney fees is not a covered claim. Zuger argues, however, that these decisions are simply not well reasoned. We disagree.

 The primary objective in interpreting a statute is to ascertain the intent of the Legislature. *Resolution Trust v.*

*Dickinson Econo–Storage,* 474 N.W.2d 50 (N.D.1991). The courts attempt to construe uniform laws and model acts in the same manner as other jurisdictions to provide consistency and uniformity of the law. *See* Section 1–02–13, N.D.C.C. Consideration of similar statutes of other states and court decisions interpreting those statutes is appropriate and relevant. *J.P. Furlong Enterprises, Inc. v. Sun Exploration and Production Co.,* 423 N.W.2d 130 (N.D. 1988). We consider the resolution of this issue by these other jurisdictions as highly persuasive authority.

■ The interpretation of the term "covered claim" in the model act by these sister jurisdictions imputes a very reasonable and plausible legislative intent that only the claims of insureds and innocent victims of incidents for which insurance coverage was purchased are entitled to recover against the statutorily created fund. Those whose claims arise from separate contracts or dealings with an insolvent insurer are merely creditors whose redress lies elsewhere. We agree with this interpretation, and we hold that Zuger's claim for pre-insolvency attorney fees and litigation expenses is not a covered claim under Chapter 26.1–42, N.D.C.C.[1]

Zuger also seeks to recover his pre-insolvency attorney fees and litigation expenses against the Guaranty Association and the defendant hospitals on a theory of unjust enrichment.

■ Unjust enrichment is an equitable doctrine, applied in the absence of an express or implied contract, to prevent a person from being unjustly enriched at the expense of another. *Home Insurance of Dickinson v. Speldrich,* 436 N.W.2d 1 (N.D.1989). A determination of whether or not there has been unjust enrichment is fully reviewable as a matter of law by this court on appeal. *In the Matter of the Estate of Hill,* 492 N.W.2d 288 (N.D.1992). To recover under a theory of unjust enrich-

ment one must prove five elements (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law. *Id.*

■ Zuger asserts that the Guaranty Association has benefited from his legal services, because it retained him to continue representing the defendant hospitals after Great Global was declared insolvent, and, therefore, benefited from his pre-insolvency legal work. Zuger relies on the general rule that one who performs services for another without an express agreement as to compensation is entitled to the reasonable value of the services provided. *See Matter of the Estate of Raketti,* 340 N.W.2d 894 (N.D.1983). However, Zuger has a valid compensation agreement for his services with Great Global. The declaration of Great Global's insolvency does not destroy the existence of that valid agreement; it merely leaves Zuger in the position of a creditor, albeit one in a precarious position.

The essential element in recovering under a theory of unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value. *Gate City Savings and Loan Association v. International Business Machines,* 213 N.W.2d 888 (N.D.1973). We are unpersuaded that this essential element is present here. The Guaranty Association paid Zuger for the legal services that it contracted for him to provide after Great Global's insolvency. The Guaranty Association's statutory obligation, under Chapter 26.1–42, N.D.C.C., does not extend to Zuger's claim for pre-insolvency attorney fees and litigation expenses. Consequently, we are unpersuaded that the Guaranty Association has been unjustly enriched or that it is ethically or legally obliged to pay Zuger

---

1. This is not to say that the Legislature might not in the future, and in simple fairness probably should, expand the meaning of a covered claim to include pre-insolvency attorney fees and expenses when it is shown that they arise in connection with carrying out the terms of an insurance policy. However, such an amendment would destroy the uniformity which is basic to uniform acts.

for those pre-insolvency services or expenses.

Under very similar circumstances, the Supreme Court of Alaska construed a similar statute in *White v. Alaska Insurance Guaranty Association*, 592 P.2d 367, 370 (Ala.1979). The court concluded that an attorney who was not entitled to pre-insolvency fees under the statute should not be allowed to recover against the fund under a theory of unjust enrichment:

> "... the equitable remedy of restitution will be denied where the party upon whom the benefit is conferred is protected by countervailing public policy; restitution will not be permitted to defeat a protection which a legislature intends to afford. When insolvency was declared, the Association succeeded to certain of the obligations of the insurance companies by operation of law. The purpose of the legislation providing for this succession is a limited one: to protect the policyholders and persons making claims against them from absorbing losses. It would be inconsistent with this limited purpose to saddle the Association with any loss suffered by the [appellant attorneys]."

We hold that Zuger does not have a claim for services against the Guaranty Association under a theory of unjust enrichment.

 Zuger also asserts that the defendant hospitals have been unjustly enriched and should pay the reasonable value of his pre-insolvency fees and litigation expenses, because they directly benefited from his defense of the malpractice claims against them. We disagree that the defendant hospitals have been unjustly enriched under these circumstances. Zuger's contract for providing services was with Great Global, and the defendant hospitals have no contractual obligation to pay for the legal services. They purchased insurance from Great Global to have those legal services provided and paid for by Great Global. Zuger was aware of that when he contracted to provide the services.

A third party who derives benefit from an agreement between others has not necessarily been unjustly enriched. *Home Insurance of Dickinson v. Speldrich*, 436 N.W.2d 1 (N.D.1989). One factor in determining whether a party who has benefited from an agreement between others has been unjustly enriched is whether the benefiting party has participated in the transaction through which the benefit was obtained. *Midland Diesel Service & Engine Co. v. Sivertson*, 307 N.W.2d 555 (N.D. 1981). The defendant hospitals' participation in securing this benefit is limited to their purchase of malpractice insurance with Great Global, through which Great Global agreed to defend malpractice actions filed against the defendant hospitals. The defendant hospitals "paid" for the legal defense services by paying the premiums for the insurance coverage. Consequently, we are unpersuaded that it would be inequitable or unjust for the defendant hospitals to retain this benefit without paying Zuger for it.

 We agree with the Supreme Court of Nebraska in *Doyle v. Union Insurance Co.*, 209 Neb. 385, 308 N.W.2d 322 (1981), that persons who have not contracted for legal services do not become legally obligated to pay for those services merely because they have received benefit from the rendering of those services. All parties, including Zuger, were fully aware from the outset that Zuger's contract for providing legal services was with the insurer and that it was the insurer to whom Zuger must look for payment. We hold that Zuger is not entitled to his pre-insolvency attorney fees and litigation expenses from the defendant hospitals on a theory of unjust enrichment.

The judgment is affirmed.

VANDE WALLE, LEVINE, JOHNSON and MESCHKE, JJ., concur.