THE OHIO INSURANCE GUARANTY ASSOCIATION, APPELLEE, *v.* SIMPSON, APPELLANT, ET AL.

(No. 80AP-809—Decided March 5, 1981.)

*Messrs. Vorys, Sater, Seymour &*
*Pease* and *Mr. Thomas B. Ridgley,* for appellee.

*Mr. Charles J. Simpson, pro se.*

NORRIS, J. This matter is before us on the appeal of defendant-appellant from a judgment entry of the Court of Common Pleas of Franklin County granting plaintiff-appellee's motion for summary judgment.

Plaintiff is a nonprofit association organized pursuant to R.C. 3955.06 to provide a mechanism for the payment of "covered claims" under insurance policies issued by insurance companies which have become insolvent. R.C. Chapter 3955, which was enacted by the General Assembly in 1970, is patterned after the Model Insurance Guaranty Association Bill drafted by the National Association of Insurance Commissioners. Versions of the model bill have been enacted by the legislatures of other states, also.

Defendant-appellant, Charles J. Simpson, an attorney at law, provided legal services for the Reserve Insurance Company (Reserve) by defending policyholders of that company, prior to its insolvency. He presented his claim for legal fees to plaintiff, maintaining that those fees amounted to a "covered claim" and were therefore the obligation of plaintiff. Payment was denied by plaintiff, which then brought a declaratory judgment action seeking a declaration that defendant's fees are not a "covered claim" within the meaning of R.C. 3955.01(B) and that plaintiff has no obligation to pay them.

The trial court's decision granting the motion for summary judgment includes this language:

"Plaintiff's counsel has cited well reasoned opinions from sister jurisdictions which this Court adopts to the effect that legal services provided for under a policy of insurance are a matter of contract between the insurance company and the attorney, and not part of the claim by or against an insured.

"By the same token, such fees do not fall within any conceivable definition of expenses of a covered claim."

Appellant raises two assignments of error:

"1. The trial court erred in applying decisions from foreign jurisdictions in interpreting and applying Ohio statutes.

"2. The trial court erred in finding that a 'covered claim' as defined in 3955.01 O.R.C. does not cover the cost of defense in suits against insured [sic] arising out of accidents covered by policies issued by an insolvent insurer."

In his first assignment of error, appellant takes issue with the trial court referring to opinions from sister jurisdictions in arriving at its decision. It is not surprising that appellant has failed to cite any authority for his contention that an Ohio court, when construing an Ohio statute in the absence of opinions of Ohio courts construing that statute, must ignore opinions of appellate courts in other states construing similar enactments. The accepted rule of statutory construction is that Ohio courts, in those circumstances, may consult decisions in other jurisdictions. See *Schneider* v. *Laffoon* (1965), 4 Ohio St. 2d 89 [33 O.O.2d 468].

The propriety of this long-standing practice is even more evident when the statute in question is a "model" or "uniform" law, as is the case here. In construing uniform laws, courts should consider that the objective of the states in adopting these laws is to provide, on a certain subject, a uniform rule of law common to all the states. This necessarily involves consulting the decisions of appellate courts of other states which have adopted similar legislation. Appellant's first assignment of error is overruled.

Resolution of appellant's second assignment of error requires close scrutiny of the definition of "covered claim" found in R.C. 3955.01(B):

" 'Covered claim' means an unpaid claim, * * * which arises out of and is within the coverage of an insurance policy * * * when issued by an insurer which becomes an insolvent insurer * * * and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state."

Appellant argues that since he was hired by Reserve to defend its insureds pursuant to a requirement in Reserve's insurance policies which required it to provide its insureds with a defense to any action brought against them arising out of an accident covered by the policies, appellant's legal fees for providing the services amount to a claim "which arises out of and is within the coverage of" those policies.

We disagree. The Ohio General Assembly, in enacting the legislation creating the Ohio Insurance Guaranty Association, specifically stated one of its purposes to be: "* * * to * * * avoid * * * financial loss to claimants or policyholders because of the insolvency of an insurer * * *" (R.C. 3955.03).

In *Metry, Metry, Sanom & Ashare* v. *Michigan Property & Casualty Guaranty Assn.* (1978), 403 Mich. 117, 267 N.W. 2d 695, the Supreme Court of Michigan was asked to resolve essentially the same question that is before us, and determined that attorneys' fees incurred in defending a company's insureds prior to its insolvency do not amount to covered claims to be paid by that state's guaranty association. In construing the definition of a "covered claim" in its version of the Uniform Act the court concluded that:

"* * * The act is designed to protect from potentially catastrophic loss persons who have a right to rely on the existence of an insurance policy — the insureds and persons with claims against the insureds. * * *" 403 Mich., at 121; 267 N.W. 2d, at 697.

We are of the opinion that the General Assembly had the same purpose in mind in enacting the Ohio statutes — they were designed to protect policyholders and per-

sons who had claims against the policyholders, not general creditors of insolvent insurance companies. Appellant's claim does not arise out of any insurance policy; instead, it arises out of his contract with Reserve for legal services. Accordingly, we conclude that appellant's fees for pre-insolvency legal services are not covered claims within the meaning of R.C. 3955.-01(B). Our conclusion is in line with what appears to be the unanimous position of appellate courts in those sister jurisdictions which have construed nearly identical statutes when confronted with similar circumstances.

This case was a proper one to be resolved by a motion for summary judgment. There was no factual dispute below and the case could be resolved by deciding a very narrow legal question — appellant's claim either was or was not a "covered claim." We find no error by the trial court in granting summary judgment to plaintiff.

Both assignments of error are overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and McCORMAC, J., concur.