THE STATE EX REL. WATKINS ET AL. *v.* EIGHTH
DISTRICT COURT OF APPEALS ET AL.

[Cite as *State ex rel. Watkins v. Eighth Dist. Court
of Appeals* (1998), 82 Ohio St.3d 532.]

(No. 98–435—Submitted May 12, 1998—Decided August 5, 1998.)

*Charles Kampinski Co., L.P.A., Charles Kampinski* and *Christopher M. Mellino,* for relators.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Carol Shockley,* Assistant Prosecuting Attorney, for respondent Eighth District Court of Appeals.

*John V. Jackson II; Jones, Day, Reavis & Pogue* and *David A. Kutik,* for intervening respondent Cleveland Clinic Foundation.

*Per Curiam.*

### Motion to Intervene

Cleveland Clinic seeks to intervene as a respondent. Cleveland Clinic is the appellant in the underlying proceeding stayed by the court of appeals. Based on our duty to liberally construe Civ.R. 24 in favor of intervention, Cleveland Clinic's compliance with the mandatory procedural requirements of Civ.R. 24(C), and relators' failure to object to Cleveland Clinic's intervention, we grant Cleveland Clinic's motion and allow it to intervene as a respondent here. *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 184, 685 N.E.2d 507, 509.

### S.Ct.Prac.R. X(5)

S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued."

Under S.Ct.Prac.R. X(5), we will dismiss the cause if it appears beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in favor of relators, that relators are not entitled to the requested extraordinary relief. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801–802. If, however, the complaint may have merit, we will grant an alternative writ. Staff and Committee Notes to S.Ct.Prac.R. X(5). Finally, if it appears beyond doubt that relators are entitled to the requested extraordinary relief, we will issue a peremptory writ. *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254.[1]

### Procedendo

In their complaint, relators requested a writ of mandamus to compel the court of appeals to lift the stay in Cleveland Clinic's appeal. But in their final filing, they requested extraordinary relief in either mandamus or procedendo.

We will treat relators' complaint for a writ of mandamus as a complaint in procedendo because "[a]lthough mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate since '[a]n inferior

---

1. S.Ct.Prac.R. X(5) permits respondents to file motions for judgment on the pleadings in original actions in this court but does not permit relators to file motions for judgment on the pleadings or parties to file motions for summary judgment. See, *e.g., State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837. Therefore, to the extent that relators move for judgment on the pleadings, and relators and Cleveland Clinic request summary judgment, their motions are inappropriate.

court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, quoting *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324.

Extraordinary relief in procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26. Consequently, a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742, 745; *Miley.*

The court of appeals initially stayed Cleveland Clinic's appeal based on the Franklin County Common Pleas Court's December 1997 rehabilitation order concerning PIE and R.C. 3903.15(A). The continued stay of the appeal, however, is based on the common pleas court's March 1998 liquidation order, which stayed pending proceedings in which "PIE is a party or is obligated to defend a party in any court in this state" for six months. In extraordinary writ actions, a court is not limited to considering facts and circumstances at the time the proceeding is commenced, but should consider facts and conditions at the time it determines whether to grant the writ. See *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674. Therefore, we proceed to determine the propriety of the current stay of the appeal, which is based on R.C. 3955.19 rather than R.C. 3903.15(A).

R.C. 3955.19 provides:

"To permit a proper defense by the Ohio insurance guaranty association of all pending causes of action, *all proceedings in which an insolvent insurer* is a party or *is obligated to defend a party in any court in this state shall be stayed for six months, and such additional time thereafter as may be determined by the court in which the proceedings are pending* or with jurisdiction over the proceedings, from the date the insolvency is determined or an ancillary proceeding is instituted in this state, whichever is later." (Emphasis added.)

In construing a statute, a court's paramount concern is the legislative intent. *State ex rel. Solomon v. Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486, 488. In determining legislative intent, the court first reviews the applicable statutory language and the purpose to be accomplished. *State ex rel. Massie v. Gahanna–Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 587, 669 N.E.2d 839, 842. In addition, statutes pertaining to the same general subject matter must be construed *in pari materia.* *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 308, 681 N.E.2d 430, 433.

Cleveland Clinic asserts that the court of appeals is properly staying Cleveland Clinic's appeal in relators' medical malpractice case under R.C. 3955.19 because PIE is "obligated to defend" Cleveland Clinic in its appeal as a result of PIE's contract with Cleveland Clinic. We disagree and find the stay unnecessary.

After reading R.C. 3955.19 *in pari materia* with R.C. Chapter 3955 and considering its specified statutory purposes, we hold that R.C. 3955.19 does not apply to general creditors of insolvent insurance companies like Cleveland Clinic. R.C. 3955.19 is part of the Ohio Insurance Guaranty Association Act, R.C. Chapter 3955. R.C. 3955.02. The purpose of the Act is to protect insureds and third-party claimants from a potentially catastrophic loss due to the insolvency of a member insurer. *PIE Mut. Ins. Co. v. Ohio Ins. Guar. Assn.* (1993), 66 Ohio St.3d 209, 611 N.E.2d 313, paragraph one of the syllabus. "The Act was designed to guard against potentially catastrophic loss to persons who are entitled to rely on the existence of an insurance policy and the solvency of the company issuing the policy—the insureds and persons who have claims against insureds." *Id.,* 66 Ohio St.3d at 212, 611 N.E.2d at 315. In this regard, R.C. 3955.03 expressly states that "*[t]he purposes of sections 3955.01 to 3955.19 of the Revised Code are to provide a mechanism for the payment of covered claims under certain insurance policies,* avoid excessive delay in payment *and reduce financial loss to claimants and policyholders because of the insolvency of an insurer,* assist in the detection and prevention of insurer insolvencies, and provide an association to assess the cost of such protection among insurers."[2] (Emphasis added.) Cleveland Clinic is neither an insured of PIE nor a claimant under a PIE insurance policy and thus is not entitled to the benefit of the R.C. 3955.19 stay provision.

This conclusion is also supported by precedent. For example, in *Ohio Ins. Guar. Assn. v. Simpson* (1981), 1 Ohio App.3d 112, 1 OBR 418, 439 N.E.2d 1257, the court held that attorney fees incurred in defending an insured before the insurance company's insolvency were not a "covered claim" under R.C. Chapter 3955. The *Simpson* court held:

"We are of the opinion that the General Assembly had the same purpose in mind in enacting the Ohio statutes—they were designed to protect policyholders and persons who had claims against the policyholders, not general creditors of insolvent insurance companies. Appellant's claim does not arise out of any insurance policy; instead, it arises out of his contract with Reserve [Insurance Company] for legal services. Accordingly, we conclude that appellant's fees for preinsolvency legal services are not covered claims within the meaning of R.C. 3955.01(B)." *Id.,* 1 Ohio App.3d at 113–114, 1 OBR at 420, 439 N.E.2d at 1259;

---

2. By contrast, the purpose of R.C. Chapter 3903 is to protect the interests of creditors and the public in addition to the interests of insureds and claimants. R.C. 3903.02(D).

see, also, *PIE; Maytag Corp. v. Tennessee Ins. Guar. Assn.* (1992), 79 Ohio App.3d 817, 821, 608 N.E.2d 772, 774–775.

Based on the foregoing, the continued stay of Cleveland Clinic's appeal is unwarranted. Accordingly, given the uncontroverted, pertinent evidence presented by the parties, we grant a peremptory writ of procedendo to compel the court of appeals to lift its stay of Cleveland Clinic's appeal and proceed to a merit determination.[3]

*Writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

COOK, J., dissents.

———————

LUNDBERG STRATTON, **J., dissenting**. The Cleveland Clinic Foundation ("Cleveland Clinic") is self-insured. It did not procure (or purchase) an insurance policy from P.I.E. Mutual Insurance Company ("PIE"). However, the Cleveland Clinic contracted with PIE to provide and to pay for its defense in the Watkinses' medical malpractice action. In a medical malpractice case of this proportion, legal fees and expenses, notwithstanding the potential liability for any judgment, may reach hundreds of thousands of dollars.

The majority relies on R.C. 3955.19 as authority to grant a peremptory writ of procedendo in this case because the court of appeals issued the current stay of the Cleveland Clinic's appeal in the *Watkins* litigation pursuant to an order of liquidation. However, R.C. 3955.19 clearly and unambiguously provides for a stay of proceedings in all pending causes of action in which an insolvent insurer is a party *or is obligated to defend a party.* Based upon the plain language of the statute, it applies to the *Watkins* litigation because PIE is obligated to defend a party, *i.e.,* the Cleveland Clinic. There is no need for this court to interpret or construe the meaning of the statute when it may be understood from its plain language.

The statute, written in the *disjunctive,* expressly provides that a stay is warranted in two situations: if PIE itself is a party *or* if it is obligated to defend a party. Because PIE "is obligated to defend" the Cleveland Clinic in the

———————

3. Under this holding, relators' alternative contention that Cleveland Clinic has not sufficiently established the existence of a contract with PIE and relators' motion to strike Cleveland Clinic's briefs in opposition are moot.

*Watkins* litigation, the express terms of the statute apply and the Eighth Appellate District properly stayed the proceedings.

R.C. 3955.19 does not require that insurance coverage must exist to trigger the statute's application. The term "insolvent insurer" defines the current legal status of PIE, an insurance company. However, the statute does not require that there also be an existing insurance policy in place between PIE and the party it is obligated to defend for the statute to be applicable. The statute broadly refers to "all proceedings in which an insolvent insurer * * * is obligated to defend a party." The Eighth Appellate District followed this directive.

The majority need not construe R.C. 3955.19 when its meaning is clear from its plain language. PIE is an insolvent insurer. PIE is obligated to defend the Cleveland Clinic in the *Watkins* litigation. Therefore, the action must be stayed in accordance with R.C. 3955.19. I respectfully dissent and would deny the writ.

MOYER, C.J., concurs in the foregoing dissenting opinion.