**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 532.]**

THE STATE EX REL. WATKINS ET AL. *v.* EIGHTH DISTRICT COURT OF APPEALS

ET AL.

[Cite as *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 1998-Ohio-190.]

*Writ of procedendo to compel court of appeals to lift its stay of Cleveland Clinic*

*Foundation's appeal in a medical malpractice action against it and to*

*proceed to a merit determinatio—Writ granted, when.*

(No. 98-435—Submitted May 12, 1998—Decided August 5, 1998.)

IN PROCEDENDO.

———————————

{¶ 1} In June 1997, the Cuyahoga County Court of Common Pleas entered judgment upon a jury verdict in favor of relators, Birdie and Thomas Watkins, in their medical malpractice action against the Cleveland Clinic Foundation ("Cleveland Clinic"). The common pleas court ordered Cleveland Clinic to pay relators over fourteen million dollars in damages.

{¶ 2} Cleveland Clinic appealed the judgment to respondent, Eighth District Court of Appeals. The court of appeals granted relators' motion and placed the appeal on its accelerated docket, and Cleveland Clinic filed its appellate brief. Cleveland Clinic raised ten assignments of error in its appeal.

{¶ 3} At the times pertinent to this case, Cleveland Clinic was self-insured and also had excess coverage with a variety of insurance companies. In addition, during this period, Cleveland Clinic had a contract with P.I.E. Mutual Insurance Company ("PIE"), in which PIE agreed to manage the defense of certain medical malpractice suits against Cleveland Clinic and pay Cleveland Clinic's defense costs, including legal fees, expert witness fees, and related litigation expenses. PIE also agreed to manage the defense and pay defense costs of the covered cases on

appeal until the cases were resolved. Pursuant to the contract, PIE managed Cleveland Clinic's defense in relators' medical malpractice case and provided counsel for Cleveland Clinic at trial and on appeal. Cleveland Clinic also hired additional counsel for its appeal and posted a supersedeas appeal bond in the amount of seventeen million dollars.

{¶ 4} In December 1997, the Franklin County Common Pleas Court ordered the rehabilitation of PIE pursuant to R.C. Chapter 3903. Among other things, the common pleas court concluded that PIE's further transaction of business would be financially hazardous to its policyholders, creditors, or the public, as described in R.C. 3903.12(A). The common pleas court's order of rehabilitation included the following stay provision:

"Any action or proceeding pending in any Court in which Defendant [PIE] is a party or is obligated to defend a party, is hereby stayed for a period of ninety days and such additional time as is necessary for the Rehabilitator to obtain proper representation and prepare for further proceedings. The Rehabilitator shall take such action respecting such pending litigation as he considers necessary in the interests of justice and for the protection of policyholders, creditors and the public. * * *"

{¶ 5} In January 1998, the court of appeals *sua sponte* issued a stay of Cleveland Clinic's appeal in relators' case pursuant to the Franklin County Common Pleas Court's December 1997 rehabilitation order and R.C. 3903.15(A). The court of appeals stayed the appeal through March 15, and ordered counsel to notify the court of any changes in the case status. The court of appeals subsequently extended the stay.

{¶ 6} In March 1998, relators filed a complaint in this court for a writ of mandamus to compel the court of appeals to lift the stay and proceed with Cleveland Clinic's appeal. A few weeks after relators filed their complaint for extraordinary relief, the Franklin County Common Pleas Court ordered PIE's

liquidation under R.C. 3903.16. In its liquidation order, the common pleas court ruled that "[a]ll proceedings in which PIE is a party or is obligated to defend a party in any court in this state are stayed for six months from the date of this order, as mandated by the provisions of R.C. 3955.19, to permit a proper defense by the Ohio Insurance Guaranty Association of all pending causes of action."

{¶ 7} After the court of appeals filed an answer to relators' complaint and Cleveland Clinic filed a motion to intervene and a motion to dismiss or for summary judgment, relators filed a motion for judgment on the pleadings or for summary judgment.

{¶ 8} This cause is now before the court for our determination under S.Ct.Prac.R. X(5).

_____

*Charles Kampinski Co., L.P.A.*, *Charles Kampinski* and *Christopher M. Mellino*, for relators.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for respondent Eighth District Court of Appeals.

*John V. Jackson II; Jones, Day, Reavis & Pogue* and *David A. Kutik*, for intervening respondent Cleveland Clinic Foundation.

_____

***Per Curiam.***

Motion to Intervene

{¶ 9} Cleveland Clinic seeks to intervene as a respondent. Cleveland Clinic is the appellant in the underlying proceeding stayed by the court of appeals. Based on our duty to liberally construe Civ.R. 24 in favor of intervention, Cleveland Clinic's compliance with the mandatory procedural requirements of Civ.R. 24(C), and relators' failure to object to Cleveland Clinic's intervention, we grant Cleveland Clinic's motion and allow it to intervene as a respondent here. *State ex*

*rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 184, 685 N.E.2d 507, 509.

S.Ct.Prac.R. X(5)

**{¶ 10}** S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued."

**{¶ 11}** Under S.Ct.Prac.R. X(5), we will dismiss the cause if it appears beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in favor of relators, that relators are not entitled to the requested extraordinary relief. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801-802. If, however, the complaint may have merit, we will grant an alternative writ. Staff and Committee Notes to S.Ct.Prac.R. X(5). Finally, if it appears beyond doubt that relators are entitled to the requested extraordinary relief, we will issue a peremptory writ. *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254.[1]

Procedendo

**{¶ 12}** In their complaint, relators requested a writ of mandamus to compel the court of appeals to lift the stay in Cleveland Clinic's appeal. But in their final filing, they requested extraordinary relief in either mandamus or procedendo.

**{¶ 13}** We will treat relators' complaint for a writ of mandamus as a complaint in procedendo because "[a]lthough mandamus will lie in cases of a

---

1. S.Ct.Prac.R. X(5) permits respondents to file motions for judgment on the pleadings in original actions in this court but does not permit relators to file motions for judgment on the pleadings or parties to file motions for summary judgment. See, *e.g., State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837. Therefore, to the extent that relators move for judgment on the pleadings, and relators and Cleveland Clinic request summary judgment, their motions are inappropriate.

court's undue delay in entering judgment, procedendo is more appropriate since '[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, quoting *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324.

{¶ 14} Extraordinary relief in procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26. Consequently, a writ of procedendo will issue to require a court to proceed to final judgment if the court has erroneously stayed the proceeding. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742, 745; *Miley*.

{¶ 15} The court of appeals initially stayed Cleveland Clinic's appeal based on the Franklin County Common Pleas Court's December 1997 rehabilitation order concerning PIE and R.C. 3903.15(A). The continued stay of the appeal, however, is based on the common pleas court's March 1998 liquidation order, which stayed pending proceedings in which "PIE is a party or is obligated to defend a party in any court in this state" for six months. In extraordinary writ actions, a court is not limited to considering facts and circumstances at the time the proceeding is commenced, but should consider facts and conditions at the time it determines whether to grant the writ. See *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674. Therefore, we proceed to determine the propriety of the current stay of the appeal, which is based on R.C. 3955.19 rather than R.C. 3903.15(A).

{¶ 16} R.C. 3955.19 provides:

"To permit a proper defense by the Ohio insurance guaranty association of all pending causes of action, *all proceedings in which an insolvent insurer* is a party or *is obligated to defend a party in any court in this state shall be stayed for six*

*months, and such additional time thereafter as may be determined by the court in which the proceedings are pending* or with jurisdiction over the proceedings, from the date the insolvency is determined or an ancillary proceeding is instituted in this state, whichever is later."  (Emphasis added.)

{¶ 17} In construing a statute, a court's paramount concern is the legislative intent.  *State ex rel. Solomon v. Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 65, 647 N.E.2d 486, 488.  In determining legislative intent, the court first reviews the applicable statutory language and the purpose to be accomplished.  *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 587, 669 N.E.2d 839, 842.  In addition, statutes pertaining to the same general subject matter must be construed *in pari materia*.  *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 308, 681 N.E.2d 430, 433.

{¶ 18} Cleveland Clinic asserts that the court of appeals is properly staying Cleveland Clinic's appeal in relators' medical malpractice case under R.C. 3955.19 because PIE is "obligated to defend" Cleveland Clinic in its appeal as a result of PIE's contract with Cleveland Clinic.  We disagree and find the stay unnecessary.

{¶ 19} After reading R.C. 3955.19 *in pari materia* with R.C. Chapter 3955 and considering its specified statutory purposes, we hold that R.C. 3955.19 does not apply to general creditors of insolvent insurance companies like Cleveland Clinic.  R.C. 3955.19 is part of the Ohio Insurance Guaranty Association Act, R.C. Chapter 3955.  R.C. 3955.02.  The purpose of the Act is to protect insureds and third-party claimants from a potentially catastrophic loss due to the insolvency of a member insurer.  *PIE Mut. Ins. Co. v. Ohio Ins. Guar. Assn.* (1993), 66 Ohio St.3d 209, 611 N.E.2d 313, paragraph one of the syllabus.  "The Act was designed to guard against potentially catastrophic loss to persons who are entitled to rely on the existence of an insurance policy and the solvency of the company issuing the policy—the insureds and persons who have claims against insureds."  *Id.*, 66 Ohio

St.3d at 212, 611 N.E.2d at 315. In this regard, R.C. 3955.03 expressly states that "*[t]he purposes of sections 3955.01 to 3955.19 of the Revised Code are to provide a mechanism for the payment of covered claims under certain insurance policies*, avoid excessive delay in payment *and reduce financial loss to claimants and policyholders because of the insolvency of an insurer*, assist in the detection and prevention of insurer insolvencies, and provide an association to assess the cost of such protection among insurers."[2] (Emphasis added.) Cleveland Clinic is neither an insured of PIE nor a claimant under a PIE insurance policy and thus is not entitled to the benefit of the R.C. 3955.19 stay provision.

{¶ 20} This conclusion is also supported by precedent. For example, in *Ohio Ins. Guar. Assn. v. Simpson* (1981), 1 Ohio App.3d 112, 1 OBR 418, 439 N.E.2d 1257, the court held that attorney fees incurred in defending an insured before the insurance company's insolvency were not a "covered claim" under R.C. Chapter 3955. The *Simpson* court held:

"We are of the opinion that the General Assembly had the same purpose in mind in enacting the Ohio statutes — they were designed to protect policyholders and persons who had claims against the policyholders, not general creditors of insolvent insurance companies. Appellant's claim does not arise out of any insurance policy; instead, it arises out of his contract with Reserve [Insurance Company] for legal services. Accordingly, we conclude that appellant's fees for preinsolvency legal services are not covered claims within the meaning of R.C. 3955.01(B)." *Id.*, 1 Ohio App.3d at 113-114, 1 OBR at 420, 439 N.E.2d at 1259; see, also, *PIE*; *Maytag Corp. v. Tennessee Ins. Guar. Assn.* (1992), 79 Ohio App.3d 817, 821, 608 N.E.2d 772, 774-775.

---

2. By contrast, the purpose of R.C. Chapter 3903 is to protect the interests of creditors and the public in addition to the interests of insureds and claimants. R.C. 3903.02(D).

**{¶ 21}** Based on the foregoing, the continued stay of Cleveland Clinic's appeal is unwarranted. Accordingly, given the uncontroverted, pertinent evidence presented by the parties, we grant a peremptory writ of procedendo to compel the court of appeals to lift its stay of Cleveland Clinic's appeal and proceed to a merit determination.[3]

*Writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

COOK, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting**.

**{¶ 22}** The Cleveland Clinic Foundation ("Cleveland Clinic") is self-insured. It did not procure (or purchase) an insurance policy from P.I.E. Mutual Insurance Company ("PIE"). However, the Cleveland Clinic contracted with PIE to provide and to pay for its defense in the Watkinses' medical malpractice action. In a medical malpractice case of this proportion, legal fees and expenses, notwithstanding the potential liability for any judgment, may reach hundreds of thousands of dollars.

**{¶ 23}** The majority relies on R.C. 3955.19 as authority to grant a peremptory writ of procedendo in this case because the court of appeals issued the current stay of the Cleveland Clinic's appeal in the *Watkins* litigation pursuant to an order of liquidation. However, R.C. 3955.19 clearly and unambiguously provides for a stay of proceedings in all pending causes of action in which an insolvent insurer is a party *or is obligated to defend a party.* Based upon the plain language of the statute, it applies to the *Watkins* litigation because PIE is obligated

_____

3. Under this holding, relators' alternative contention that Cleveland Clinic has not sufficiently established the existence of a contract with PIE and relators' motion to strike Cleveland Clinic's briefs in opposition are moot.

to defend a party, *i.e.*, the Cleveland Clinic. There is no need for this court to interpret or construe the meaning of the statute when it may be understood from its plain language.

{¶ 24} The statute, written in the *disjunctive*, expressly provides that a stay is warranted in two situations: if PIE itself is a party *or* if it is obligated to defend a party. Because PIE "is obligated to defend" the Cleveland Clinic in the *Watkins* litigation, the express terms of the statute apply and the Eighth Appellate District properly stayed the proceedings.

{¶ 25} R.C. 3955.19 does not require that insurance coverage must exist to trigger the statute's application. The term "insolvent insurer" defines the current legal status of PIE, an insurance company. However, the statute does not require that there also be an existing insurance policy in place between PIE and the party it is obligated to defend for the statute to be applicable. The statute broadly refers to "all proceedings in which an insolvent insurer * * * is obligated to defend a party." The Eighth Appellate District followed this directive.

{¶ 26} The majority need not construe R.C. 3955.19 when its meaning is clear from its plain language. PIE is an insolvent insurer. PIE is obligated to defend the Cleveland Clinic in the *Watkins* litigation. Therefore, the action must be stayed in accordance with R.C. 3955.19. I respectfully dissent and would deny the writ.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____