JOURNAL ENTRY AND OPINION
On April 11, 2001, the relator, Ray Shawn Griffin, commenced this procedendo action against the respondent, Judge William Coyne, to compel the judge to rule on a Complaint for Declaratory Judgment and Injunctive Relief filed on October 30, 2000, in one of the underlying criminal cases. On April 23, 2001, the respondent moved to dismiss or in the alternative for summary judgment on the grounds of mootness. On May 9, 2001, Mr. Griffin filed a brief in opposition. For the following reasons this court grants the motion for summary judgment.
In 1997 in State of Ohio v. Ray Shawn Griffin, Cuyahoga County Common Pleas Court Case No. CR-352021, Mr. Griffin was facing charges for trafficking in cocaine and possession of criminal tools, and in State of Ohio v. Ray Shawn Griffin, Cuyahoga County Common Pleas Court Case No. CR-347928, he was facing a charge of robbery with violence specifications. In April 1997, Mr. Griffin reached a plea agreement in CR-347928, the robbery case, by which he pleaded guilty to robbery with the deletion of the violence specification and received a sentence of four to fifteen years. Subsequently, in July 1997, he also reached a plea agreement in CR-352021, the cocaine case, in which he pleaded guilty to trafficking in cocaine with the possession of criminal tools charge nolled, and he received a six-month sentence to run concurrent with the robbery sentence.
On October 30, 2000, Mr. Griffin filed a Complaint for Declaratory Judgment and Injuctive Relief, captioned Ray Shawn Griffin v. The Adult Parole Authority and Cou. Prosecuting Attorney. The caption further listed the case number as CR-352012, the cocaine case. In this complaint Mr. Griffin asserts that the Parole Board broke the plea agreement in the robbery case by improperly classifying his crime for purposes of determining parole and by not releasing him after the minimum four-year term. In his prayer for relief he repeatedly demands proper enforcement of the plea agreement in CR-352021, the cocaine case. (Copies of the caption page and the prayer from the complaint are attached and incorporated herein.)
In November 2000, the respondent judge denied the subject complaint in CR-352021, the cocaine case. Mr. Griffin filed a motion for reconsideration explaining that the entry was improperly issued in the cocaine case when the complaint applied to the robbery case, CR-347928. The judge also denied the motion for reconsideration.
Mr. Griffin then filed this procedendo action demanding that the respondent judge properly resolve the complaint in the robbery case. The judge's motion for summary judgment argues that he has fulfilled his duty by ruling on the matter and does not have to consider it a second time.
The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. Yee v. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court of Appeals (1998), 82 Ohio St.3d 532, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure.
In the present case the respondent ruled on the relevant matter in Case No. CR-352021, which was the case number Mr. Griffin put in his caption and for which he repeatedly demanded relief. Thus, the judge fulfilled his duty and issued a judgment. That Mr. Griffin either misfiled the matter or submitted a confusing filing does not require the judge to re-examine it.
Additionally, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Mr. Griffin has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25
warrants dismissal of the complaint. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, the court grants the respondent's motion for summary judgment and denies the writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
FRANK D. CELEBREZZE, JR., J. and COLLEEN CONWAY COONEY, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE