PETITION FOR WRIT OF PROCEDENDO
On November 7, 2001, the relator, Albert Bradley, commenced this procedendo action against the respondent, Judge Peggy Foley Jones, to compel the judge (1) to issue findings of fact and conclusions of law re his Motion to withdraw guilty plea and for just compensation for loss of property which he filed in the underlying case, State of Ohio v. Albert Bradley, Cuyahoga County Common Pleas Court case No. Cr. 341466, and (2) to rule on Motion to respond to motion for findings of fact and conclusions of law by defendant. Sua sponte, for the following reasons, this court denies the application for a writ.
A review of the complaint and the docket of the underlying case reveals the following. After Mr. Bradley pleaded guilty to attempted drug abuse and was sentenced, he filed a Motion to withdraw guilty plea and for compensation of property on or about December 8, 1997. On December 11, 1997, the respondent judge overruled the motion to withdraw the guilty plea. On September 29, 2000, Mr. Bradley filed a Motion to respond to motion for findings of fact and conclusions of law by the defendant. On October 13, 2000, the respondent judge issued the following journal entry: Motion of defendant for factual findings in support of this court's denial of defendant's motion to withdraw guilty plea and for compensation of loss of property is denied. OSJ. (Copy attached and incorporated herein.) On December 6, 2000, the respondent judge issued the following journal entry: Motion to respond to motion for findings of fact and conclusions of law by the defendant is denied. (Copy attached and incorporated herein.)
The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. Yee v. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court of Appeals (1998), 82 Ohio St.3d 532, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Moreover, it will not issue when there is an adequate remedy at law. State ex rel. Utley v. Abruzzo (1985), 17 Ohio St.3d 202, 478 N.E.2d 789
and State ex rel. Reed v. Hansen (1992), 63 Ohio St.3d 597,589 N.E.2d 1324.
In the present case the respondent judge has proceeded to judgment by ruling on the outstanding motions. She has denied the motion to withdraw the guilty plea and for compensation on the loss of property. She also denied the motion requesting findings of fact and conclusions of law. Furthermore, for such motions as a motion to withdraw guilty plea, a judge has no duty to issue findings of fact and conclusions of law. State ex rel. Hall v. Judge Calabrese (Oct. 25, 2001), Cuyahoga App. No. 79719, unreported; State ex rel. Moore v. Judge Gorman (June 13, 1994), Cuyahoga App. No. 67005, unreported; State ex rel. Sneed v. Judge Russo(Sept. 27, 2000), Cuyahoga App. No. 78441, unreported; State ex rel. Lacavera v. Cuyahoga County Common Pleas Court (Mar. 2, 2000), Case No. 77359, unreported; and State ex rel. McIntosh v. Cuyahoga County Department of Children Family Services (Feb. 7, 2000), Cuyahoga App. No. 77316, unreported. Therefore, the matter is moot because the judge has ruled on the outstanding motions in the underlying case.
Additionally, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. The court also notes that Mr. Bradley did not fully comply with requirements of R.C. 2969.25. The prior lawsuit affidavit required by Subsection (A) mandates that all civil actions or appeals of civil actions filed in any state or federal court within the last five years, not just those related to the underlying lawsuit, be included. Subsection (C)(1) requires a statement that sets forth the balance in the inmate's account for the preceding six months as certified by the institutional cashier. The relator's failure to comply fully with R.C. 2969.25 warrants dismissal of the writ action. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594
and State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
Accordingly, the court denies the application for a writ of procedendo. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.
[EDITORS' NOTE: THE ATTACHMENT IS ELECTRONICALLY NON-TRANSFERRABLE.]