DECISION
The Indiana Department of Natural Resources, claimant-appellant, appeals a judgment of the Franklin County Court of Common Pleas. The trial court affirmed the classification of appellant as a Class 6 claimant by plaintiff-appellee, J. Lee Covington, II, Superintendent of Insurance for the State of Ohio. Appellee was designated the Liquidator of the American Druggists' Insurance Company ("ADIC"), defendant.
On April 30, 1986, ADIC was declared insolvent and ordered to be liquidated by the Franklin County Court of Common Pleas. Fabe v. American Druggists' Ins. Co. (1990), 70 Ohio App.3d 595, 599. Pursuant to R.C. Chapter 3903, the trial court appointed the Ohio Superintendent of Insurance to be the liquidator of ADIC and made responsible for the liquidation and distribution of ADIC's assets. Id. Appellee was authorized to take possession of and liquidate all property and assets of ADIC, to collect all debts and monies due ADIC, and to pay those funds to persons filing a claim according to the priority scheme established in R.C. 3903.42.
On June 21, 2001, appellee filed a memorandum seeking the trial court's affirmance for appellee's determination that claims submitted by appellant should be classified as Class 6 claims for the purpose of claim distributions of ADIC's property and assets. Appellee stated in its memorandum that appellant's claims were based upon Indiana law, which required mining companies located in the state of Indiana to obtain a performance bond guaranteeing mine reclamation operations. Prior to being declared insolvent by the court in 1986, ADIC issued performance bonds to nine Indiana surface mining companies. The nine mining companies failed to perform the required mine reclamation and appellant, pursuant to Indiana law, undertook the mine reclamations after the mining companies defaulted. Indiana law required the mining companies to forfeit their performance bonds if appellant determined the surface mining operator failed to properly reclaim the land. Appellant sought to obtain funds from appellee based upon the mining companies' performance bonds purchased from ADIC in order to compensate appellant for its reclamation activities.
Appellant filed a memorandum contra appellee's memorandum arguing that appellee's Class 6 classification of appellant was incorrect and that it should instead be given a Class 2 classification. Appellant claimed that the total remaining actual and estimated costs for reclamation was $1,760,341.44. Appellant argued that by having a higher classification they would be able to recover some of the expenses incurred reclaiming the mining properties.
After holding a hearing, on August 8, 2001, the trial court filed a journal entry and order affirming appellee's classification of appellant's claim as a Class 6 claim. The trial court found that R.C.3903.42(F) explicitly concerned claims of any state or local government and clearly stated that "'[c]laims, including those of any state or local governmental body for a penalty or forfeiture,' are Class 6 claims." (Emphasis sic.) Appellant appeals this decision and presents the following assignment of error:
 The court below erred by ruling that, as a matter of law, the 36 insurance claims of the State of Indiana are not Class 2 priority claims under Ohio Revised Code § 3903.42(B), as "claims under policies for losses incurred."
Appellant argues in its single assignment of error the trial court erred by ruling appellant's claims are not Class 2 priority claims under R.C.3903.42(B). Appellant contends that pursuant to the plain language of R.C. 3903.42(B), appellant's claims are "claims under policies for losses incurred" and, therefore, appellant is entitled to Class 2 priority. Appellant also argues that it would be unfair and inequitable for appellant to be treated differently from other individuals making claims under insurance policies.
R.C. Chapter 3903 is referred to as the insurers supervision, rehabilitation, and liquidation act. Fabe v. Prompt Finance, Inc. (1994), 69 Ohio St.3d 268, 272. The purpose of sections 3903.01 to 3903.59
of the Revised Code is the protection of the interests of insureds, claimants, creditors, and the public generally. R.C. 3903.02(D). The legislature endeavored to lessen "the problems of interstate rehabilitation and liquidation by facilitating cooperation between states in the liquidation process, and by extending the scope of personal jurisdiction over debtors of the insurer outside this state." R.C.3903.02(D)(5).
R.C. Chapter 3903 requires the assets of an insolvent insurer be distributed to classes of claimants based on the priorities of their claims. Fabe, at 603. R.C. 3903.42 states in part:
 The priority of distribution of claims from the insurer's estate shall be in accordance with the order in which each class of claims is set forth in this section. Every claim in each class shall be paid in full or adequate funds retained for such payment before the members of the next class receive any payment. No subclasses shall be established within any class. The order of distribution of claims shall be:
 (A) Class 1. The costs and expenses of administration * * *.
* * *
 (B) Class 2. All claims under polices for losses incurred, including third party claims, all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property that are not under polices, and all claims of a guaranty association or foreign guaranty association. * * *
* * *
 (F) Class 6. Claims of any state or local government. Claims, including those of any state or local governmental body for a penalty or forfeiture, shall be allowed in this class only to the extent of the pecuniary loss sustained from the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby. The remainder of such claims shall be postponed to the class of claims under division (I) of this section.
* * *
 (I) Class 9. The claims of shareholders or other owners.
In construing a statute, a court's paramount concern is the legislative intent which is determined by first reviewing the applicable statutory language and the purpose to be accomplished. State ex rel. Watkins v. Eighth Dist. Court of Appeals (1998), 82 Ohio St.3d 532, 535. However, "[i]f the language of a statute is unambiguous, then courts must apply the plain meaning of the words used by the legislature." Dayton Power 
Light Co. v. Jones (2000), 140 Ohio App.3d 675, 678.
A review of the statute shows that it is unambiguous and the plain meaning of the words of the statute should be applied. R.C. 3903.42(F) explicitly states that Class 6 claims are "[c]laims of any state or local government." The exception to this rule is for claims for penalty or forfeiture, which are allowed as Class 6 claims "only to the extent of the pecuniary loss sustained from the act, transaction, or proceeding out of which the penalty or forfeiture arose * * *." R.C. 3903.42(F). Otherwise, claims for penalty or forfeiture shall be postponed to Class 9 claims. Id.
The first two sentences of each subsection of R.C. 3903.42 similarly outline who should be classified under each class. Also, the progression of classes from one to nine shows a legislative intent to first pay for the costs and expenses of the administration of the liquidation, second pay for claims of policyholders, and third pay the remaining obligations. Appellant's argument, if followed, would put the state of Indiana in a class above the federal government, ADIC employees (not including officers and directors) who performed services, and general creditors.
Even if we were to find that R.C. 3903.42(B) was ambiguous, a review of the Rehabilitation and Liquidation Model Act ("model act"), which provided the basis for R.C. 3903.42(B), clearly shows that the Ohio Legislature intended to not include claims by any state or local government as Class 2 claims.
 Class 3 of the Model Act, which is the substantial equivalent of Class 2 under the Ohio statute, provides as follows: Class 3. All claims under policies including claims of the federal or any state or local government for losses incurred, ("loss claims") including third party claims, claims for unearned premiums, and all claims of a guaranty association, for payment of covered claims or covered obligations of the insurer. * * * Covington v. Ohio Gen. Ins. Co. (2001), Franklin App. No. 01AP-213, discretionary appeal allowed (2002), 94 Ohio St.3d 1451. (Emphasis added.)
The present version of R.C. 3903.42(B) does not include the phrase "including claims of the federal or any state or local government." Therefore, it is proper to conclude that the Ohio Legislature did not intend to include "claims of the federal or any state or local government" under Class 2 claims.
Accordingly, we find that the trial court did not err when it affirmed appellee's classification of appellant's claim as a Class 6 claim. Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and BOWMAN, J., concur.