JOURNAL ENTRY and OPINION
{¶ 1} On June 5, 2002, the petitioner, Troy McIntosh, commenced this procedendo action to compel the common pleas court to rule on a motion for bond pending appeal which he filed on May 16, 2002, in the underlying case, State of Ohio v. Troy McIntosh, Cuyahoga County Common Pleas Court Case No. CR-328529. For the following reasons we dismiss this procedendo action sua sponte because it is moot.
 {¶ 2} On June 18, 2002, the trial court in the underlying case denied McIntosh's motion for bond pending appeal. (A copy of that journal entry is attached.)
 {¶ 3} A writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. SeeYee v. Erie County Sheriff's Department (1990), 51 Ohio St.3d 43,553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court of Appeals,82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. Thus, in the present case, because the trial court has proceeded to judgment on the relevant matter, this procedendo action is moot.
 {¶ 4} In addition, the petitioner has also failed to comply with R.C. 2969.25, which requires a petitioner to supply an affidavit describing each civil action or appeal filed by the petitioner within the previous five years in any state or federal court. The failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ. SeeState ex rel. Zanders v. Ohio Parole Board, 82 Ohio St.3d 421,1998-Ohio-218, 696 N.E.2d 594 and State ex rel. Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. Further, the petitioner failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State exrel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, andState ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 5} Accordingly, this action is dismissed. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. See Civ.R. 58(B). So ordered.
PATRICIA ANN BLACKMON, P.J., and JAMES J. SWEENEY, J., CONCUR.