[Cite as *State ex rel. Lisboa v. Gold*, 2011-Ohio-2666.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96164

## STATE OF OHIO EX REL.,
## JOSE LISBOA

RELATOR

vs.

## ROSEMARY GRDINA GOLD, JUDGE

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Procedendo
Motion No. 441004
Order No. 444575

**RELEASE DATE:** May 27, 2011

FOR RELATOR

Jose C. Lisboa, Jr.,
245 Portage Trail – Extension W
Unit 2
Cuyahoga Falls, Ohio 44223


ATTORNEYS FOR RESPONDENT

William D. Mason
Cuyahoga County Prosecutor

By:     Charles E. Hannan, Jr.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


MARY J. BOYLE, J.:

{¶ 1} On December 14, 2010, the relator, Jose Lisboa (hereinafter "Jose"), commenced this procedendo action against the respondent, Judge Rosemary Grdina Gold, to compel the judge to rule on various motions in the underlying case, *Jose Lisboa v. Kimberly Lisboa*, Cuyahoga County Common Pleas Court, Domestic Relations Division, Case No. DR-03-295186. On January 13, 2011, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Jose filed his opposition to the respondent's dispositive motion on January 31, 2011. For the following

reasons, this court grants the judge's motion for summary judgment and denies the application for a writ of procedendo.

{¶ 2} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Utley v. Abruzzo* (1985), 17 Ohio St.3d 202, 478 N.E.2d 789, and *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 589 N.E.2d 1324.

{¶ 3} The subject motions are: (1) motion for visitation rights filed on or about July 30, 2010 (Motion No. 303824); (2) motion for appointment of a new guardian ad litem filed on or about July 30, 2010 (Motion No. 303825); (3) motion to update the docket, filed on or about September 1, 2010;[1] (4) motion for notification of address change filed on or about

---

[1] In his complaint, Jose refers to this motion as "Motion to place case on Active Docket" filed on August 27, 2010. The docket of the underlying case does not record such a motion for that date; however, it does list a motion to update docket filed on September 1, 2010. Similar inconsistencies exist with the other motions. The court will defer to the listing on the docket.

September 21, 2010; and (5) motion for expedited decision filed on or about November 12, 2010. Attached to the respondent judge's summary judgment motion are certified copies of journal entries from the underlying case. The first, file-stamped December 14, 2010, reinstated approximately 12 motions to the active docket.

{¶ 4} The next journal entry, file-stamped January 6, 2011, ruled on the "Motion to Update Docket." The respondent judge noted that the motion was unnecessary because the court of appeals had duly notified the trial court of the dismissal of the earlier appeal. Thus, the judge denied the "Motion to Update Docket" as moot. The next journal entry, also file-stamped January 6, 2011, granted the "Motion for Notification of Change of Address."

{¶ 5} The final journal entry, file-stamped January 6, 2011, resolved the "Motion Requesting Expedited Decisions." The respondent judge noted that it had already ruled on the motions to reinstate the case to the active docket and for notification of change of address. The judge then ruled that "Motion for Visitation Rights (No. 303824) and Motion for Appointment of GAL (No. 303825) are not properly before this Court. Plaintiff [Jose] has not properly perfected service of these motions, consequently, this Court cannot rule on them." The judge then denied the "Motion Requesting Expedited Decisions" as moot.

{¶ 6} In his brief in opposition, Jose implicitly agreed that the respondent judge had ruled upon the motions for expedited decision, to accept the change of address and to place the case on the active docket. However, he argued that the judge had not ruled upon the motions

for visitation and for a guardian ad litem. A review of the docket in the underlying case shows that on February 25, 2011, the respondent judge made the following entry: "It is ordered that pursuant to Civ.R. 41(B)(4) Motions 303824 [visitation rights] and 303825 [guardian ad litem] are dismissed without prejudice." This docket entry establishes that the respondent judge has resolved the subject motions and that this procedendo action is moot.

{¶ 7} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of procedendo. Each side to bear its own costs.

{¶ 8} The court directs the Clerk of Court for the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 59(B).

_____

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR