[Cite as *State ex rel. v. Mayes*, 2013-Ohio-4604.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100187**

# STATE EX REL. PETER WILLIAM MAYES

RELATOR

vs.

# JUDGE DICK AMBROSE, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writs of Mandamus and Procedendo
Motion No. 467800
Order No. 468859

**RELEASE DATE:**   October 15, 2013

**RELATOR**

Peter William Mayes, pro se
No. 442-575
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** On July 30, 2013, the relator, Peter William Mayes, commenced this mandamus and procedendo action to compel the respondents, Judge Dick Ambrose and the Cuyahoga County Common Pleas Court, to issue an order resolving a motion to "remand for re-sentencing to correct void sentence pursuant to R.C. 2941.25," which he filed on February 7, 2013, and to issue a final, appealable order in the underlying case, *State v. Mayes,* Cuyahoga C.P. No. CR-422426. The gravamen of Mayes's argument is that his sentencing entry is void because it does not address and merge convictions as allied offenses.[1] On August 26, 2013, the respondents, through the Cuyahoga County prosecutor, moved for summary judgment, inter alia, on the grounds of mootness. Attached to this motion was a certified copy of an August 23, 2013 journal entry that denied the motion for remand for resentencing. On September 13, 2013, Mayes filed his rebuttal to the respondents' motion for summary judgment. For the following reasons, this court grants the respondents' motion for summary judgment and denies the application for writs of mandamus and procedendo.

**{¶2}** On November 8, 2010, the trial judge granted Mayes a de novo sentencing to provide a full and proper sentencing on postrelease control; the judge reimposed the 24-year sentence. On appeal, Mayes argued, inter alia, that his convictions were allied offenses and that the trial court erred in imposing a sentence on each offense. This court

---

[1] In the underlying case, a jury convicted Mayes of one count of rape, two counts of attempted rape, and one count of gross sexual imposition. The trial judge imposed consecutive sentences for each count for a total of 24 years.

rejected this argument because "the record indicates that on two separate dates, defendant committed separate and distinct nonallied offenses with a separate animus. Therefore, this claim is without merit." *State v. Mayes*, 8th Dist. Cuyahoga No. 96052, 2011-Ohio-6260, ¶ 15.

**{¶3}** Nevertheless, Mayes endeavored to resurrect the allied offenses argument in the subject motion. In the August 23, 2013 journal entry, the respondent judge denied the subject motion and stated that Mayes, in his appeal of the de novo sentencing entry, raised the issue of allied offenses, which the court of appeals "dismissed." Thus, Mayes's motion is barred by res judicata.

**{¶4}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. Procedendo may not be used to control judicial discretion.

{¶5} The matter is moot. The respondent judge's August 23, 2013 journal entry shows that the judge has fulfilled his duty to resolve the motion and Mayes has obtained his requested relief. Mayes admitted this in his rebuttal brief. Both this court and the respondent judge addressed the allied offenses argument and found it meritless. Furthermore, a review of this court's docket shows that Mayes is pursuing his appropriate remedy by appealing the August 23, 2013 journal entry. *State v. Mayes,* 8th Dist. Cuyahoga No. 100425.

{¶6} Accordingly, this court grants the respondents' motion for summary judgment and denies the application for writs of mandamus and procedendo. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ denied.

---

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR